IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

v.

MOKA SHOE CORPORATION,

    Defendant.

CIVIL ACTION NO.

COMPLAINT

JURY TRIAL DEMANDED
INJUNCTIVE RELIEF SOUGHT

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Maribel Rodriguez, Sylvia Caban, and any other similarly situated individuals, who were adversely affected by such practices. As stated with greater particularity in paragraph 7, the United States Equal Employment Opportunity Commission (hereinafter the "EEOC" or the "Commission") alleges that Ms. Rodriguez, Ms. Caban and other similarly situated females were sexually harassed by Defendant's Production Manager at its Aguadilla, Puerto Rico location, when they were forced to endure unwelcome sexual comments and physical touching because of their sex, female. The harassment was sufficiently severe and pervasive to create a hostile, intimidating work environment. The Commission further alleges that Defendant subsequently retaliated against Ms. Caban by demoting her, transferring her and subjecting her to adverse terms and conditions of employment for engaging in protected activity. Defendant Employer's retaliatory conduct created a serious and material change in the terms and conditions of

Ms. Caban's employment rendering her working conditions so intolerable that she was forced to resign.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Puerto Rico.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, a Puerto Rico corporation, has continuously been doing business in Puerto Rico and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Ms. Rodriguez and Ms. Caban

each filed charges with the Commission alleging violations of Title VII by the Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least May of 2004, Defendant Employer engaged in unlawful employment practices in violation of Section 703(a) and Section 704(a) of Title VII, 42 U.S.C. §2000e-2(a) and §2000e-3(a).

   a. Ms. Rodriguez, Ms. Caban, and other similarly situated females were regularly subjected to sexual harassment by their supervisor, in the form of unwelcome verbal comments and physical touching which were sufficiently severe and pervasive to constitute an intimidating, hostile and offensive work. The harassment included, but was not limited to, frequent, egregious sexual comments including, but not limited to, vulgar comments regarding sexual acts, offensive remarks regarding their body parts, including their breasts and buttocks, and invitations to engage in sexual activity in exchange for job advancement. On at least one occasion, Defendant's Production Manager grabbed Ms. Rodriguez' buttocks.

   b. Ms. Rodriguez and Ms. Caban complained repeatedly to Defendant's upper management and Human Resources Manager regarding the harassment, but they failed to take prompt remedial action.

   c. Further, Defendant retaliated against Ms. Caban for complaining of the unlawful sexual harassment by demoting her, subjecting her to an involuntary job transfer and adverse terms and conditions of her employment.

   d. Defendant Employer's retaliatory conduct created a serious and material change

in the terms and conditions of Ms. Caban's employment rendering her working conditions so intolerable that she was forced to resign.

8. The effect of the conduct complained of in paragraph 7 above has been to deprive Ms. Rodriguez, Ms. Caban, and other similarly situated females of equal employment opportunities and otherwise adversely affect their status as employees on the basis of sex and/or retaliation for their opposition to unlawful employment practices.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Ms. Rodriguez, Ms. Caban and any other similarly situated individuals.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in unlawful retaliation, sex discrimination and any other employment practice which discriminates on the basis of sex and/or opposition to an unlawful employment practice.

B. Order Defendant, to institute and carry out policies, practices, and programs which provide equal employment opportunities for females, and which eradicate the effects of its past unlawful employment practices.

C. Order Defendant to make whole Ms. Rodriguez, Ms. Caban and any other similarly situated individuals by providing appropriate back pay with prejudgment interest, in amounts to be

determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.   Order Defendant to make whole Ms. Rodriguez, Ms. Caban and any other similarly situated individuals by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including out of pocket losses in amounts to be determined at trial.

E.   Order Defendant to make whole Ms. Rodriguez, Ms. Caban and any other similarly situated individuals by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including emotional pain, suffering, inconvenience, humiliation, and loss of enjoyment of life, in amounts to be determined at trial.

F.   Order Defendant to pay Ms. Rodriguez, Ms. Caban and any other similarly situated individuals punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

G.   Grant such further relief as the Court deems necessary and proper in the public interest.

H.   Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully Submitted,

RONALD COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DELNER FRANKLIN-THOMAS
Regional Attorney

NORA E. CURTIN
Supervisory Trial Attorney

*/s/ Maritza I. Gomez*

MARITZA I. GOMEZ
USDC-P.R. No.: 219311
EEOC
Miami District Office
One Biscayne Tower, Suite 2700
Two South Biscayne Boulevard
Miami, FL  33131-1805
Tel.: (305) 808-1783
Fax: (305) 808-1835
maritza.gomez@eeoc.gov